BINGHAM McCUTCHEN LLP
Debra L. Fischer (SBN 142516)
debra.fischer@bingham.com
Eileen M. O'Brien (SBN 234786)
eileen.obrien@bingham.com
355 South Grand Avenue, Suite 4400
Los Angeles, California 90071-3106
Telephone: 213.680.6400
Facsimile: 213.680.6499

Michael D. Mortenson (SBN 247758)
michael.mortenson@bingham.com
600 Anton Boulevard, 18th Floor
Costa Mesa, CA 92626
Telephone: 714.830.0656
Facsimile: 714.830.0756

Attorneys for Defendant
MEDTRONIC, INC.

BARNES, CROSBY, FITZGERALD & ZEMAN LLP
William M. Crosby (SBN 49357)
wcrosby@barnescrosby.com
18101 Von Karman Avenue, Suite 120
Irvine, CA 92612
Telephone: 949.852.1100
Facsimile: 949.852.1501

Attorneys for Plaintiff
MARGARET BENAVIDES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET BENAVIDES,<br><br>　　　　Plaintiff,<br>v.<br><br>MEDTRONIC, INC., a Minnesota corporation; DOES I through X, inclusive,<br><br>　　　　Defendants. | CASE NO. SACV07-718 AHS(RNBx)<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

A/72496805.2/2013811-0000326385

1   This Joint Stipulation is made by and between plaintiff Margaret Benavides
2   and defendant Medtronic, Inc. (collectively, the "Parties"), by and through their
3   counsel of record, with reference to the following facts:
4       WHEREAS, on August 24, 2007, the Parties held a meeting pursuant to Fed.
5   R. Civ. P. 26(f) in which the Parties met and conferred on various discovery issues,
6   including the proposed entry of a Protective Order (the "26(f) Conference");
7       WHEREAS, subsequent to the 26(f) Conference, the Parties filed a Joint
8   Rule 26(f) Report with the Court on September 10, 2007 (the "Joint Report");
9       WHEREAS, in the Joint Report, the Parties agreed that a Protective Order
10  was necessary in this case in order to protect confidential business information and
11  trade secrets of the parties to this action as well as third parties;
12      WHEREAS, the Parties agree that entry of a Protective Order is necessary in
13  order to facilitate the conduct of discovery in this case and to protect confidential
14  business and personal information and trade secrets of the parties to this action as
15  well as third parties; and
16      WHEREAS, good cause exists pursuant to Fed. R. Civ. P. 26(c) for entry of
17  a Protective Order.
18      NOW THEREFORE, in consideration of the above, the Parties, Plaintiff and
19  Defendant, hereby stipulate and agree that the following Stipulated Confidentiality
20  Agreement and Protective Order ("Protective Order") be entered by the Court:
21      1.   If, in connection with any proceedings in this action, either Party has
22  the occasion to disclose information deemed by such party to constitute
23  confidential proprietary information of the type contemplated by Federal Rule of
24  Civil Procedure 26(c), the following procedures shall be employed and the
25  following restrictions shall govern:
26      2.   Definitions:
27           (a)   "Discovery Material" means any and all documents, testimony,
28  deposition transcripts, deposition exhibits, interrogatory responses, admissions, and

1  any other information produced or otherwise provided by a party or non-party to
2  another party or non-party in connection with discovery in this litigation.
3        (b) "Designating Party" means any person or entity, whether a
4  party to this lawsuit or not, who has designated documents and/or information as
5  "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" under
6  this Order.
7        (c) "Producing Party" means any person or entity, whether a party
8  to this lawsuit or not, who has produced documents or provided information in this
9  litigation or from whom documents or information have been requested.
10       (d) "Receiving Party" means any party who has received
11 documents or information in this litigation.
12       (e) "CONFIDENTIAL" information means information that the
13 Producing Party in good faith believes to be "confidential research, development,
14 or commercial information" within the meaning of Fed. R. Civ. P. 26(c), including
15 but not limited to financial information, trade secrets, proprietary business
16 information, customer information, product information, security measures,
17 nonpublic technical information, ongoing research and development projects,
18 employee or personnel records, or other non-public information.
19       (f) "CONFIDENTIAL - ATTORNEY'S EYES ONLY"
20 information means that subset of "CONFIDENTIAL" information, as defined in
21 paragraph 2(e) above, that contains information, the disclosure of which to certain
22 personnel of another party would likely cause injury to the Producing or
23 Designating Party. Information, including but not limited to, proprietary business
24 information may constitute or contain information meriting designation as
25 "CONFIDENTIAL - ATTORNEY'S EYES ONLY." Discovery Material shall be
26 so designated in accordance with the procedures set forth herein, provided that,
27 prior to the designation, an attorney for the Designating Party shall review the
28 discovery material and make such designation in good faith and based upon clearly

articulable grounds as to why the document or documents require this treatment. The designation of such material as "CONFIDENTIAL - ATTORNEY'S EYES ONLY" will be deemed effective unless and until the Court orders otherwise or the Designating Party fails to move the Court in response to an objection under paragraph 7 of this Order, in which latter case the information shall be deemed to have that level of confidentiality claimed by the challenging party.

      (g)   CONFIDENTIAL Discovery Material shall not include any information that:

          (i)   is or becomes publicly available without the Receiving Party's breach of any obligation owed to the Designating Party;

          (ii)   is lawfully in the possession of a party receiving such information without any confidentiality obligations at the time of disclosure; or is lawfully disclosed by a third party that is not subject to any confidentiality obligations at the time of disclosure.

3.   <u>Manner of Designation</u>

Any Party may designate a document as CONFIDENTIAL Discovery Material by stamping it: "CONFIDENTIAL." Material designated for protection pursuant to paragraph 6 of this Order must be conspicuously marked: "CONFIDENTIAL - ATTORNEY'S EYES ONLY." By designating Discovery Material as "CONFIDENTIAL," under the terms of this Protective Order, the Designating Party is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g). All pages of any document that bears such a legend are subject to this Protective Order.

4.   <u>Use of CONFIDENTIAL Discovery Material</u>

CONFIDENTIAL Discovery Material shall not be used or disclosed by any recipient for any purpose other than in connection with the above-captioned action and shall not be disclosed by the recipient to anyone other than those

persons designated herein, unless and until the restrictions herein are removed by order of the Court or by written stipulation of the parties and Designating Party, subject to the approval of the Court.

5. "CONFIDENTIAL" Information

Discovery Material marked "CONFIDENTIAL" may only be disclosed to the following persons and only insofar as it is reasonably necessary to the effective prosecution of the Parties' claims and defenses:

(a) Parties and their representatives who are actively engaged in, or actively overseeing or monitoring this Action;

(b) Counsel of record, their associated attorneys, and support staff, including paralegal and secretarial personnel;

(c) Court personnel of the United States District Court, Central District of California, if on appeal, of a court with appellate jurisdiction, jurors in this action, and court reporters who record and/or transcribe deposition or other testimony in this action.

(d) Experts and consultants (including their employees) who are retained by a Party to assist in the litigation of this action provided the disclosing party complies with the procedures set forth in paragraph 10(a) of this Order;

(e) Third-party contractors and their employees who are retained by one or more Parties to provide litigation-support or copy services in connection with the litigation of this action; and

(f) A deponent or other witness who is named as an author or recipient of, has previously seen the contents of, or has, at any time, been authorized to see the document designated as CONFIDENTIAL Discovery Material.

6. "CONFIDENTIAL - ATTORNEY'S EYES ONLY" Information

(a) Discovery Material marked "CONFIDENTIAL - ATTORNEY'S EYES ONLY" may only be disclosed to the following persons and

only insofar as it is reasonably necessary to prosecute the Parties' claims and defenses:

(i) Outside Counsel of record in this action, and their associated attorneys, patent agents, paralegals, clerical staff, and outside vendors hired to copy, index, sort or otherwise manage the storage and retrieval of discovery materials. Each such attorney, patent agent, paralegal or clerical employee first shall be advised of and agree to the terms and conditions of this Order and each attorney, patent agent, paralegal, or clerical employee who retains a copy of information so designated shall maintain the information in a separate identifiable file, access to which is appropriately restricted;

(ii) Any person requested by counsel to furnish technical or other expert services or to give testimony, or otherwise to assist in trial preparation in this action, provided, however: (1) that counsel for the Designating Party shall be given a notice of intent to disclose, no less than ten (10) calendar days prior to the proposed disclosure, which shall contain the name, title, business address, a current curriculum vitae, and the previous five years of employment history of the person to whom the information will be disclosed; (2) that, within ten (10) calendar days after receipt of the notice, counsel for the designating party does not object to the disclosure; and (3) that, prior to any disclosure, the person to whom the information is disclosed shall be advised of and shall agree to the terms and conditions of this Order by signing an "Acknowledgement and Agreement Regarding Access To Confidential Information" in the form attached hereto as Exhibit A, and shall maintain the information in a separate and identifiable file, access to which is appropriately restricted;

(iii) Any director, officer, employee or former employee of a Party during the course of depositions in this action, if the procedures with respect to information so designated set forth herein are followed, and if the person

qualifies to see the CONFIDENTIAL Discovery Material pursuant to paragraph 5(f) above;

        (iv)  Any other employee of the Parties upon application to the Court or a Magistrate and a determination that disclosure is necessary for the fair conduct of this litigation and that disclosure raises no material risk that the proposed disclosure will cause harm to the business of the Producing Party or will be used to the technical, marketing, commercial or other competitive advantage of the Receiving Party; and

        (v)  Court personnel of the United States District Court, Central District of California, if on appeal, of a court with appellate jurisdiction, jurors in this action, and court reporters who record and/or transcribe deposition or other testimony in this action.

    (b)  If within ten (10) calendar days of receipt of a notice of an intent to disclose pursuant to subparagraph 6(a)(ii) or 6(a)(iii) above, the Designating Party objects to such intended disclosure, the intended disclosure shall not be made until such objection is resolved so long as the party designating the information "CONFIDENTIAL - ATTORNEY'S EYES ONLY" seeks a ruling in accordance with paragraph 7.

    7.  <u>Procedure for Objection</u>

If, at any time, a party objects to the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" under this Protective Order or the disclosure of "CONFIDENTIAL - ATTORNEY'S EYES ONLY" information to a third party pursuant to paragraphs 6(a)(ii) and 6(a)(iii) of this Protective Order, the objecting party shall notify the Designating Party in writing. The notice shall identify the information in question, and shall specify in reasonable detail the reason or reasons for the objection and the level of confidentiality the objecting party believes is proper. After receipt of such notice, the objecting party may apply to the Court for a ruling on the continued status of

the information. Any such application to the Court will be made in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement). The status of the information shall be maintained as initially designated by the Producing Party until final ruling on the application.

8. <u>Filing CONFIDENTIAL Discovery Material With The Court</u>

Any pleading, motion or other paper filed with the Court containing CONFIDENTIAL Discovery Material shall be accompanied by an application to file the papers or the portion thereof containing CONFIDENTIAL Discovery Material (if such portion is segregable) under seal in accordance with Local Rule 79-5.1. Any such application shall be directed to the judge to whom the papers are directed.

9. <u>Inadvertent Production of Privileged Material</u>

Counsel shall exert their best efforts to identify materials or information protected by the attorney-client privilege, the work product doctrine, and/or any other privilege, before its disclosure. The inadvertent production of any document or thing by any Producing Party shall be without prejudice to any claim by the Producing Party that such material is protected by the attorney-client privilege, or protected from discovery as work product. Provided that diligent efforts are made to ensure that documents are carefully reviewed for privilege and that privileged documents are not produced in discovery, and that efforts to retrieve inadvertently produced documents are commenced within a reasonable period of time after their production, no Producing Party shall be held to have waived any rights thereunder merely by inadvertent production made subsequent to the execution of this Protective Order. If within a reasonable time after materials are disclosed, a Producing Party asserts that such materials are protected by the attorney-client privilege, work product doctrine, or any other claim of privilege, and were inadvertently produced, the Receiving Party shall take immediate steps to ensure that all known copies of such material are returned promptly to the

Producing Party. The cost, if any, for excising such materials by the Receiving Party shall be borne by the Producing Party. Any party may thereafter contest such claims of privilege or work product as if the materials had not been produced, but shall not assert that a waiver occurred as a result of the production if the Producing Party has complied with the provisions of this paragraph.

10. <u>Obligations Upon Disclosure to Third Parties</u>

(a) Counsel for each Party disclosing CONFIDENTIAL Discovery Material shall advise each person to whom such disclosure is made (except Court personnel and jurors) of the terms of this Protective Order and of the obligation of each such person to comply with those terms. Counsel shall maintain a list of persons to whom CONFIDENTIAL Discovery Materials are disclosed (excluding Court personnel and jurors) and such list shall be kept by Counsel for reference as necessary. In addition, Counsel shall require that each person covered in categories 5(d), 6(a)(ii), and 6(a)(iii) sign an "Acknowledgement and Agreement Regarding Access to CONFIDENTIAL Information" -- in the form attached hereto as "Exhibit A" -- to be bound by the Protective Order before the disclosure of CONFIDENTIAL Discovery Material to another. Such signed Acknowledgement and Agreement shall be kept by Counsel. Counsel for the parties to whom CONFIDENTIAL Discovery Material has been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Protective Order and for securing execution of and retaining the Undertaking attached as Exhibit A as and when required under the provisions of this Protective Order.

Upon learning of any disclosure of CONFIDENTIAL Discovery Material, other than in a manner authorized by this Protective Order, the Party who so learns shall immediately (i) inform in writing the Party from which the CONFIDENTIAL Discovery Material was originally received of such disclosure, including to whom the material was disclosed, and (ii) take all necessary steps to retrieve as soon as possible each and every copy of all such CONFIDENTIAL Discovery Material

from the unauthorized person and any person to whom the unauthorized person disclosed such CONFIDENTIAL Discovery Material.

(b)     Each recipient of any CONFIDENTIAL Discovery Material produced in this litigation hereby agrees to be subject to the jurisdiction of this Court for the purposes of the implementation and enforcement of this Protective Order.

11.  Redesignation

Counsel shall exert their best efforts to identify CONFIDENTIAL Discovery Material. The inadvertent designation, mis-designation, or non-designation of any document or thing by any party or non-party shall be without prejudice to any claim the party or non-party has to preserve the confidentiality of inadvertently disclosed information. Provided that efforts to retrieve inadvertently designated documents are commenced within a reasonable period of time after their production, no Producing Party shall be held to have waived any rights thereunder by inadvertent disclosure. If within a reasonable time after materials are disclosed, a Producing Party asserts that such materials should be designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY," and were inadvertently produced with a different designation, the Receiving Party shall take immediate steps to ensure that all known copies of such material are appropriately disclosed according to the provisions of this Protective Order. The cost, if any, for redesignating such materials by the Receiving Party shall be borne by the Producing Party.

12.  Effect on Attorney Conduct

Nothing herein shall bar or restrict any attorney from rendering advice to his or her client regarding this litigation and, in the course thereof, relying upon his or her examination of CONFIDENTIAL Discovery Material, provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the content of any CONFIDENTIAL

Discovery Material to anyone not authorized to receive such information in accordance with this Protective Order.

13. Non-Waiver

This Protective Order shall not be deemed a waiver of:

(a) any Party's right to object to any discovery requests on any grounds;

(b) any Party's right to seek an order compelling discovery with respect to any discovery request;

(c) any Party's right in any proceeding in this litigation to object to the admission of any evidence on any ground;

(d) any Party's right to use and disclose its own documents and its own CONFIDENTIAL Discovery Material in its sole and complete discretion; or

(e) the status of any information as a trade secret or other confidential information.

14. Requests from Third Parties for the Production of CONFIDENTIAL Discovery Material

Each Party agrees that in the event it is served by a non-party with a subpoena or request for production of CONFIDENTIAL Discovery Material originally received from another Party, it will give sufficient notice to allow the Designating Party a reasonable opportunity to intervene to oppose such production.

15. Duration and Destruction of Materials

This Protective Order shall be valid throughout the course of this litigation (defined to include all proceedings herein, appeals, and/or remands) and shall survive the termination of this litigation. Within sixty (60) days of the final termination of this litigation, all documents and copies of documents (including any copies created by optical scanning) produced by the parties or by nonparties designated as containing CONFIDENTIAL Discovery Material shall be returned to

the Designating Party or destroyed. If destroyed pursuant to this provision, the person or persons who destroy such CONFIDENTIAL Discovery Material shall provide written certification to the Designating Party that such information has been properly destroyed. The terms of this Protective Order shall survive and remain in full force after the termination of this lawsuit and the Court shall have jurisdiction over the parties, their attorneys, and all persons to whom CONFIDENTIAL Discovery Material has been disclosed for the purpose of enforcing the terms of this Protective Order and/or redressing any violation thereof.

16. **Production from Non-Parties**

The terms of this Protective Order may be applied to the documents, information and things received by a party from any person who is not a party to this litigation at the election of such person.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

17. <u>Modification and Amendment</u>

This Protective Order may be modified or amended either by agreement of the parties or by further order of the Court upon good cause shown.

Dated: April 24, 2008                BINGHAM McCUTCHEN LLP


By: _____
Debra L. Fischer
Eileen M. O'Brien
Michael D. Mortenson

Attorneys for Defendant
MEDTRONIC, INC.

Dated: April __, 2008                BARNES, CROSBY, FITZGERALD & ZEMAN LLP


By: _____
William M. Crosby

Attorney for Plaintiff
MARGARET BENAVIDES

PAGE 3/3 * RCVD AT 4/25/2008 2:50:33 PM [Pacific Daylight Time] * SVR:LAFAX/15 * DNIS:28611 * CSID:9498521501 * DURATION (mm-ss):00-40

17.  **Modification and Amendment**

This Protective Order may be modified or amended either by agreement of the parties or by further order of the Court upon good cause shown.

Dated: April ___, 2008          BINGHAM McCUTCHEN LLP


By: _____
   Debra L. Fischer
   Eileen M. O'Brien
   Michael D. Mortenson

Attorneys for Defendant
MEDTRONIC, INC.

Dated: April 25, 2008          BARNES, CROSBY, FITZGERALD & ZEMAN LLP


By: _____
   William M. Crosby

Attorney for Plaintiff
MARGARET BENAVIDES

IT IS SO ORDERED.

_____/S/_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

A/72496805.2/2013811-0000326385

13

STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

04/25/2008 14:52   9498521501   BARNES CROSBY   PAGE 02/02

# Exhibit "A"

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT REGARDING ACCESS TO CONFIDENTIAL INFORMATION

The undersigned has read the Protective Order entered in this proceeding and confirms: (1) that he/she shall fully abide by the terms thereof; (2) that he/she shall not disclose any CONFIDENTIAL information to or discuss the CONFIDENTIAL information with any person who is not authorized pursuant to the terms of said Protective Order to receive disclosure thereof; and (3) that he/she shall not use such CONFIDENTIAL information for any purpose other than for the purposes of this proceeding.

_____
(Signature)

_____
(Title/Company)

_____
(Date)

## PROOF OF SERVICE

I am over eighteen years of age, not a party in this action, and employed in Los Angeles County, California at 355 South Grand Avenue, Suite 4400, Los Angeles, California 90071. I am readily familiar with the practice of this office for collection and processing of correspondence delivery, and they are deposited that same day in the ordinary course of business.

On April 25, 2008, I served the attached:

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

☒ (BY MAIL) by causing a true and correct copy of the above to be placed in the United States Mail at Costa Mesa, California in sealed envelope(s) with postage prepaid, addressed as set forth below. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

| | |
|---|---|
| William M. Crosby, Esq.<br>Barnes, Crosby, Fitzgerald & Zeman LLP<br>18101 Von Karman Avenue<br>Suite 120<br>Irvine, CA 92612<br>Telephone: (949) 852-1100<br>Facsimile: (949) 852-1501<br>wcrosby@barnescrosby.com | Michael D. Mortenson<br>600 Anton Boulevard<br>18th Floor<br>Costa Mesa, CA 92626<br>Telephone: (714) 830-0656<br>Facsimile: (714) 830-0756<br>michael.mortenson@bingham.com |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that this declaration was executed on April 25, 2008, at Los Angeles, California.

_/s/ D. Anonas/_
Digna B. Anonas